UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO ORTIZ,                                        No. C 08-4834 SI (pr)

        Petitioner,                                 **ORDER TO SHOW CAUSE**

    v.

D. G. ADAMS, warden,

        Respondent.
        _____ /

## INTRODUCTION

Francisco Ortiz, an inmate at the California State Prison - Corcoran, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Ortiz's petition provides the following information: Ortiz was convicted in San Francisco County Superior Court of murder and arson. On December 9, 2005, he was sentenced to 23 years to life in prison. He appealed. His conviction was affirmed by the California Court of Appeal in 2006. His petition for review was denied by the California Supreme Court in 2007. He did not seek collateral relief in state court before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts the following claims: (1) the trial court erred in admitting evidence of Ortiz's statements to a jailhouse informant that were obtained in violation of Ortiz's Sixth Amendment right to counsel, (2) Ortiz was denied a fair trial due to violations of his rights under Brady v. Maryland, 373 U.S. 82 (1963), and (3) Ortiz's right to due process was violated by the admission of officer Maffei's testimony that he believed Ortiz was lying. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **May 8, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and

1 that are relevant to a determination of the issues presented by the petition.

2     4. If petitioner wishes to respond to the answer, he must do so by filing a traverse
3 with the court and serving it on respondent on or before **June 19, 2009**.

4     5. In light of the number of claims presented in the petition, the court will permit
5 lengthy briefs and sets the following page limits: respondent's memorandum of points and
6 authorities in support of the answer may not exceed 50 pages and petitioner's traverse may not
7 exceed 40 pages.

8     IT IS SO ORDERED.

9 DATED: March 2, 2009

                              SUSAN ILLSTON
                              United States District Judge