1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8    FRANCISCO ORTIZ,                         No. C 08-4834 SI (pr)

9              Petitioner,                    **ORDER DENYING RELIEF FROM**
                                              **JUDGMENT**
10        v.

11   D. G. ADAMS, warden,

12             Respondent.
                                       /
13

14        On June 24, 2010, the court denied the petition for writ of habeas corpus and entered

15   judgment in this action.  More than fourteen months later, on September 6, 2011, petitioner filed

16   a "declaration in support of his request for relief under mistake, inadvertence and/or excusable

17   neglect. (Fed. Rules Civ. P., Rule 60(b).)"  (Docket # 20.)  At the same time, he filed an 80-page

18   traverse.  (Docket # 21.)  The declaration is construed to be a Rule 60(b) motion and is

19   DENIED.[1]

20        The court may relieve a party "from a final judgment, order, or proceeding for the

21   following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other

22   reason that justifies relief." Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made

23   within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of

24   the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  Here, relief is

25   not available under Rule 60(b)(1) because petitioner's Rule 60(b) motion was filed more than

26   a year after judgment was entered.  The only possibility of relief is under Rule 60(b)(6).

27

28
_____
    [1]When the document was filed, it was identified as a declaration, and therefore was not flagged
as being a motion in need of a decision.  The court noticed that it needed a decision only recently, when
attempting to determine why petitioner filed a notice of change of address in this long-closed case.

Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (internal quotations and citation omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id.* (internal quotations omitted).

Petitioner's extreme delay in presenting his Rule 60(b) motion, as well as the reasons he offered for his delay convince the court that the motion should be denied both because it was not filed within a "reasonable time," Fed. R. Civ. P. 60(c)(1), and because he failed to show extraordinary circumstances justifying relief from the judgment. The Rule 60 motion did not identify any error in the order of dismissal, but simply was an attempt to file an extremely tardy traverse. The legal argument section of the traverse appears largely to have been cut-and-pasted from earlier state appellate court briefs. It was not reasonable to take 25+ months to prepare the traverse.[2]

Petitioner offered several reasons for his delay, but they do not individually or collectively support relief from the judgment. First, petitioner declared that he "speaks and understands very little English," Docket # 20, p. 2; however, his several handwritten letters to the court (Docket # 4, # 15, and # 17) show he has some command of the English language. His language difficulties do not justify relief from the judgment. Second, he declared that he was housed in the very restrictive environment of an ad-seg unit from May 2008 through January 2009, Docket # 20, p. 2, but that time period was before the court even set the briefing schedule in the March 2, 2009 order to show cause. Third, petitioner suggested that the attorney he found to help him prepare a traverse waited many months until April 3, 2010 to tell him that she had a conflict and could not assist him, Docket # 20, p. 2, but petitioner's date was off by six months:

---

[2]Respondent filed his answer on July 2, 2009; the court denied the petition on June 24, 2010, after waiting more than eleven months for a traverse; petitioner filed his traverse more than fourteen months later, on September 6, 2011.

2

that attorney informed him in *October 2009* that she had a conflict, *see* Docket # 14, and he thereafter requested and received an extension of time to file the traverse due to her departure from the case.  Petitioner knew since early October 2009 that he had to prepare the traverse himself, and did not do so before the petition was denied more than eight months later in June 2010.  Fourth, petitioner declared that he was transferred to a new prison on March 10, 2010, and had to once again look for an inmate to help him with his traverse, Docket # 20, p. 3; however, by that time, he had already had many months to prepare his traverse and had already missed the final traverse deadline of December 18, 2009.  Relief is not warranted under Rule 60(b)(6) for the inexcusably late traverse and motion for relief from judgment.  The motion for relief from judgment is DENIED.  (Docket # 20.)

A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in the order denying the petition, or one in which "jurists of reason would find it debatable whether the district court was correct in its procedural [rulings]" in this order.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The denial of the certificate of appealability is without prejudice to petitioner seeking a certificate from the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

DATED: April 15, 2013

_____
SUSAN ILLSTON
United States District Judge

3